JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
NORMAN L. PIERCE, JR.

### DEFENDANTS
THE BUREAUS, INC., and STONELEIGH RECOVERY ASSOCIATES, L.L.C.

(b) County of Residence of First Listed Plaintiff: **MOBILE**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **COOK COUNTY, ILLINOIS**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Harry V. Satterwhite; Satterwhite, Buffalow, Compton & Tyler, L.L.C., 1325 Dauphin Street, Mobile, AL 36604; 251-432-8120

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / ☐ 510 Motions to Vacate Sentence |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) |  |  |
|  | ☐ 448 Education / ☐ 555 Prison Condition / ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district *(specify)* ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1692
Brief description of cause:
Violation of Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 3-21-2012
SIGNATURE OF ATTORNEY OF RECORD: *[signature]* Harry Satterwhite

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Alabama

| | | |
|---|---|---|
| NORMAN L. PIERCE, JR. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  CV-12-203 |
| THE BUREAUS, INC., and STONELEIGH RECOVERY ASSOCIATES, L.L.C. | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   THE BUREAUS, INC.
CT CORPORATION SYSTEM, Registered Agent
2 NORTH JACKSON STREET, SUITE 605
MONTGOMERY, ALABAMA  36104

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   HARRY V. SATTERWHITE
SATTERWHITE, BUFFALOW, COMPTON & TYLER, L.L.C.
1325 DAUPHIN STREET
MOBILE, ALABAMA  36604

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No. CV-12-203

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                   _____
                                         *Server's signature*

                                         _____
                                         *Printed name and title*

                                         _____
                                         *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Alabama

| | |
|---|---|
| NORMAN L. PIERCE, JR. <br><br> *Plaintiff* <br><br> v. <br><br> THE BUREAUS, INC., and STONELEIGH RECOVERY ASSOCIATES, L.L.C. <br><br> *Defendant* | ) <br> ) <br> ) <br> ) Civil Action No. CV-12-203 <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  STONELEIGH RECOVERY ASSOCIATES, L.L.C.
CSC LAWYERS INCORPORATING SERV INC., Registered Agent
150 SOUTH PERRY STREET
MONTGOMERY, ALABAMA 36104

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   HARRY V. SATTERWHITE
SATTERWHITE, BUFFALOW, COMPTON & TYLER, L.L.C.
1325 DAUPHIN STREET
MOBILE, ALABAMA 36604

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No. CV-12-203

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| NORMAN L. PIERCE, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>THE BUREAUS, INC., and<br>STONELEIGH RECOVERY<br>ASSOCIATES, L.L.C.,<br><br>Defendants. | CIVIL ACTION NO. CV-12-203 |

## COMPLAINT FOR VIOLATIONS OF THE

## FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff, Norman L. Pierce, Jr. ("Pierce"), by and through his attorneys, Satterwhite, Buffalow, Compton & Tyler, L.L.C. alleges the following against Defendants, The Bureaus, Inc. (The Bureaus) and Stoneleigh Recovery Associates, L.L.C. ("Stoneleigh"):

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 1337. Venue in this District is proper under 28 U.S.C. § 1391(b) in that the defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Norman L. Pierce, Jr., is a natural person residing in Mobile County, Alabama, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, The Bureaus, Inc., is a national corporation engaged in the business of collecting debts in this state with its principal place of business located at 1717 Central Street, Evanston, IL. The principal purpose of Defendant, The Bureaus, is the collection of debts using the mail and telephone, and Defendant, The Bureaus, regularly attempts to collect debts alleged to be due another.

5. Defendant, The Bureaus, is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Defendant, Stoneleigh Recovery Associates, L.L.C., is a national corporation engaged in the business of collecting debts in this state with its principal place of business located at 810 Springer Drive, Lombard, IL. The principal purpose of Defendant Stoneleigh is the collection of debts using the mail and telephone, and Defendant Stoneleigh regularly attempts to collect debts alleged to be due another.

7. Defendant Stoneleigh is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. ALLEGATIONS

8. Defendants, The Bureaus and Stoneleigh, were acting as "debt collectors" with respect to the collection of a debt allegedly owed by Plaintiff Pierce.

9. Plaintiff Pierce allegedly incurred a financial obligation to HSBC Card Services, Inc. that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Sometime thereafter the alleged debt was allegedly consigned, placed or

otherwise transferred from HSBC Card Services, Inc. to Defendant, The Bureaus, and was thereafter allegedly consigned, placed or otherwise transferred again to Defendant Stoneleigh for collection from Plaintiff Pierce.

11. On January 9, 2012, Defendant Stoneleigh mailed a "dunning" letter demanding payment of an alleged debt in the amount of $5,910.04 allegedly due HSBC Card Services, Inc. and/or Defendant, The Bureaus, and/or Defendant, Stoneleigh. In said letter, Stoneleigh stated "Debt Owed To: THE CLIENT, THE BUREAUS, INC." A copy of said letter is attached hereto as Exhibit A.

12. Shortly thereafter, Exhibit A was received by Plaintiff Pierce at his residence in Satsuma, Alabama. This letter was Defendant Stoneleigh's initial written communication with Plaintiff Pierce. Under the FDCPA this letter is to be read as it would be interpreted by the "least sophisticated consumer".

13. Said dunning letter was vague and confusing in violation of the FDCPA for the following reasons: a) Said letter created the false belief in Plaintiff Pierce that the three major credit bureaus, i.e., "The Bureaus", were participating in the collection of the alleged debt, when, in fact, no credit bureau was so participating, and further confused Plaintiff Pierce about who the debt was allegedly owed to, and b) Said letter failed to include the FDCPA required verification notifications, and Defendants failed to send the FDCPA required verification notifications to Plaintiff Pierce within five days after this initial written communication.

14. Said letter thus violated section 1692d of the FDCPA, i.e., a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

15. Said letter thus violated section 1692e of the FDCPA, i.e., a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

16. Said letter thus violated section 1692f of the FDCPA, i.e., a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

17. Said letter thus violated section 1692j of the FDCPA, i.e., said letter was a deceptive use of a form, and created the false belief in the consumer that the three major credit bureaus, i.e., "The Bureaus", were participating in the collection of the alleged debt, when in fact a credit bureau was not so participating.

18. Said letter thus violated section 1692g of the FDCPA, i.e., it did not contain a statement that unless the consumer, within 30 days after receipt of the letter, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

19. Said letter thus further violated section 1692g of the FDCPA, i.e., it did not contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

20. Said letter thus further violated section 1692g of the FDCPA, i.e., it did not contain a statement that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21. Said initial letter thus violated section 1692g of the FDCPA, i.e., because

within five days of said initial written communication, no subsequent written communication was sent by Defendants to Plaintiff Pierce stating the above notifications.

22. As a result of the acts alleged above, Plaintiff suffered mental distress.

23. Thereafter, on January 19, 2012, Defendant Stoneleigh mailed a "dunning" letter demanding payment of a debt in the amount of $5,919.70 allegedly due HSBC Card Services, Inc. and/or Defendant Stoneleigh. In said letter, Stoneleigh offered to settle the account on behalf of "our client" for $4,438.50. A copy of said letter is attached hereto as Exhibit B.

24. Shortly thereafter, Exhibit B was received by Plaintiff Pierce at his residence in Satsuma, Alabama. Under the FDCPA this letter is to be read as it would be interpreted by the "least sophisticated consumer".

25. Said dunning letter was vague and confusing in violation of the FDCPA for the following reasons: a) Said letter listed a different amount allegedly owed ($5,919.79) than the letter 10 days before ($5,910.04), which was either incorrect or required an explanation to the debtor of the legally added charges; b) Said letter failed to state that the debt was owed to "The Bureaus", as did the first letter, indicating that either nothing was ever owed to "The Bureaus", or said language was deleted due to its misleading and deceptive content, which said omission then further confused Plaintiff Pierce about who the debt was allegedly owed to; c) Said letter offers to settle the account on behalf of "our client" but does not identify "the client" as "The Bureaus, Inc." as Stoneleigh did in its January 10, 2012 letter; and d) Said letter also failed to include the FDCPA required verification notifications and was not sent within five days after the initial written communication.

26. Said letter thus violated section 1692d of the FDCPA, i.e., a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27. Said letter thus violated section 1692e of the FDCPA, i.e., a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

28. Said letter thus violated section 1692f of the FDCPA, i.e., a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

29. Said letter thus violated section 1692g of the FDCPA, i.e., it did not contain a statement that unless the consumer, within 30 days after receipt of the letter, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

30. Said letter thus further violated section 1692g of the FDCPA, i.e., it did not contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

31. Said letter thus further violated section 1692g of the FDCPA, i.e., it did not contain a statement that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

32. Said initial letter thus violated section 1692g of the FDCPA, i.e., because within five days of said initial written communication, no subsequent written communication

was sent by Defendants to Plaintiff Pierce stating the above notifications.

33.  As a result of the acts alleged above, Plaintiff suffered mental distress.

34.  As a result of the above violations of the FDCPA, Plaintiff seeks actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff Pierce respectfully prays that judgment be entered against the Defendants, The Bureaus, Inc. and Stoneleigh Recovery Associates, L.L.C., for the following:

A. Actual damages;

B. Statutory damages pursuant to 15 U.S.C. § 1692(k);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

D. For such other and further relief as may be just and proper.

## PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY JURY

## VERIFICATION

I, NORMAN L. PIERCE, JR., hereby certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief.

_____
NORMAN L. PIERCE, JR.

_____
HARRY V. SATTERWHITE
Attorney for Plaintiff

OF COUNSEL:
SATTERWHITE, BUFFALOW,
COMPTON & TYLER, L.L.C.
1325 Dauphin Street
Mobile, Alabama 36604
(251) 432-8120
(251) 405-0147 facsimile

**DEFENDANTS TO BE SERVED VIA**
**CERTIFIED MAIL AS FOLLOWS:**

THE BUREAUS, INC.
CT CORPORATION SYSTEM, Registered Agent
2 NORTH JACKSON STREET, SUITE 605
MONTGOMERY, AL  36104

STONELEIGH RECOVERY ASSOCIATES, L.L.C.
CSC LAWYERS INCORPORATING SRV INC., Registered Agent
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104